United States District Court
Southern District of Texas
**ENTERED**
November 02, 2015
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL ACTION NO. 2:10-CR-499-2 |
| | § | |
| IRINEO DE LA GARZA; aka NENE | § | |

## ORDER

Irineo De La Garza filed a notice of appeal including a motion for an extension to file a late notice of appeal from this Court's denial of a sentence reduction pursuant to Amendment 782. D.E. 243. The Court finds that the notice of appeal is untimely and denies the motion for extension because it too is untimely.

De La Garza's notice of appeal is postmarked October 5, 2015.[1] The Order denying De La Garza a sentence reduction was entered on the docket on April 2, 2015. D.E. 241. A motion to reduce sentence is a step in the criminal proceedings, thus Rule 4(b) of the Federal Rules of Appellate Procedure applies which requires a notice of appeal to be filed within 14 days (April 16, 2015) from the day the judgment or order appealed from was entered on the docket. *See* Fed. R. App. P. 4(b)(1); *United States v. Alvarez*, 210 F.3d 309, 310 (5th Cir. 2000) (per curiam).[2]

---

[1] De La Garza is incarcerated and is entitled to application of the mailbox rule. Fed. R. App. P. 4(c)(1).

[2] Two of this court's sister circuits have held that a § 3582(c)(2) motion is not a civil postconviction action but a "step in a criminal case," the denial of which must be appealed within 10 days from the entry of judgment. *United States v. Ono*, 72 F.3d 101, 102-03 (9th Cir. 1995); *United States v. Petty*, 82 F.3d 809, 810 (8th Cir. 1996); Fed. R. App. P. 4(b). As the Ninth Circuit stated, § 3582 is a criminal provision because, inter alia, it "governs the imposition and subsequent modification of a sentence of imprisonment," and it refers to the statutes and rules governing the imposition of sentences. *See Ono*, 72 F.3d at 102.
We agree with the reasoning of these decisions and adopt it as our own.

*Id*.

"An appeal permitted by law as of right from a district court to a court of appeals may be taken only by filing a notice of appeal with the district clerk within the time allowed by Rule 4." Fed. R. App. P. 3. Rule 4(b)(1)(A) requires a notice of appeal in a criminal case to be filed within 14 days of the judgment or order appealed from, but allows a motion for extension of the time to file the notice of appeal for good cause or excusable neglect if the requested extension is within thirty days of the due date. Fed. R. App. P. 4(b)(4); *United States v. Clark*, 51 F.3d 42, 44 (5th Cir. 1999).

De La Garza's notice of appeal was due no later than April 16, 2015. It was mailed on October 5, 2015, which is over four months beyond the 30 day permissible extension of time. Because his motion for an extension of time to file a late notice of appeal was not filed within 30 days after the expiration of the 14-day appeal period, this Court denies De La Garza's motion for extension of time to file a late notice of appeal from the Order granting him a sentence reduction. *See United States v. Leijano-Cruz*, 473 F.3d 571, 574 (5th Cir. 2006) (district court does not abuse its discretion by applying "inflexible claim processing rule").

De La Garza's motion for an extension of time to appeal from the Order granting him a sentence reduction (D.E. 243) is DENIED.

SIGNED and ORDERED this 2nd day of November, 2015.

_____
Janis Graham Jack
Senior United States District Judge